## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICOLINE PANE-EVANS, | : |
| | : |
| **Plaintiff,** | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : |
| LANDMARK COMMUNITY | : |
| BANK, | : |
| **Defendant.** | : No.: |

### COMPLAINT

Plaintiff Nicoline Pane-Evans ("Mrs. Evans" or "Plaintiff") hereby complains against Defendant Landmark Community Bank ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951 et seq., to redress, inter alia, acts of sexual discrimination, disability discrimination, age discrimination, hostile work environment, facilitation of sexual discrimination, facilitation of disability discrimination, facilitation of age discrimination, and retaliation for opposing discrimination.  Plaintiff alleges as follows:

### PARTIES

1.     Mrs. Evans is a female adult individual, DOB 1954, domiciled at 1210 Cherry Blossom Drive, Hazleton, Pennsylvania 18202.

2.     Landmark Community Bank ("Landmark") is a Pennsylvania corporation and an FDIC lending institution, licensed to do business in the

1

Commonwealth of Pennsylvania, with its principal offices having a physical address of 2 S. Main Street, Pittston, Pennsylvania, 18640

3.     At all times material hereto, Mrs. Evans was employed by Landmark.

4.     From approximately November 14, 2016, until and including December 19, 2018, Mrs. Evans was the Assistant Vice President/Branch Manager of the Hazle Township branch of the Landmark office, located in Hazle Township, Luzerne County, Pennsylvania ("Mrs. Evans' workplace").

5.     At all times material hereto, Landmark was acting through its agents, servants and employees, including, but not limited to, Kathy Chartniski, who was at all relevant times the Senior Vice President of Landmark, all of whom were acting within the scope of their authority, course of employment and under the direct control of Landmark.

## JURISDICTION AND VENUE

6.     Plaintiff incorporates the preceding paragraphs as if set forth at length.

7.     The jurisdiction and venue of this Court is proper pursuant to Article III, Section 1 of the United States Constitution and 28 U.S.C. §§ 1331 and 1391 as Plaintiff's claims are substantively based upon Title VII.

8.     Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) and pendant and ancillary claim jurisdiction over the state law claims raised herein.

## PROCEDURAL REQUIREMENTS
## <u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

9.      Plaintiff incorporates the preceding paragraphs as if set forth at length.

10.     On June 12, 2019, within 180 days of at least one of the acts of which she complains, Mrs. Evans filed charges of employment discrimination and retaliation with the Pennsylvania Human Relations Commission ("PHRC") and dual filed with the Equal Employment Opportunity Commission ("EEOC") against Defendant.

11.     On November 12, 2020, Plaintiff received a notice of right to sue from the PHRC.

12.     Plaintiff has not yet received a notice of right to sue from the EEOC, although more than one year has elapsed since the complaint was filed.

13.     Plaintiff's claims fall under the Age Discrimination in Employment Act, the Equal Pay Act, the Americans with Disabilities Act, as well as Title VII, generally.

14.     Plaintiff files the within Complaint within ninety (90) days of the receipt of the notice from the PHRC.

15.     Pursuant to the PHRA, Plaintiff has two years from the date of the

notice to file her action.

## FACTUAL ALLEGATIONS

16.     Plaintiff incorporates the preceding paragraphs as if set forth at length.

17.     Mrs. Evans, a female individual, was employed by Landmark from on or about November 14, 2016, until December 19, 2018.

18.     Specifically, Mrs. Evans held the position of Assistant Vice President/Branch Manager with Landmark and, at all times relevant hereto, Mrs. Evans maintained a satisfactory job performance rating with Landmark.

19.     Mrs. Evans' immediate supervisor was Ms. Chartniski, a Senior Vice President of Landmark.

20.     Mrs. Evans was highly qualified for the Assistant Vice President/Branch Manager position and, during the entire course of her employment in that position, Mrs. Evans fully and competently performed her duties and responsibilities.

21.     In fact, Mrs. Evans was the highest producing Branch Manager employed by Landmark.

22.     Mrs. Evans had been injured in a car accident and required the use of a walker at all times relevant hereto.

23.     Mrs. Evans was more than sixty years of age at all times relevant

hereto.

24.     Younger male Branch Managers held the title of Vice President, rather than Assistant Vice President.

25.     Other employees holding the same title (Branch Manager) were paid at a higher salary than was Mrs. Evans.

26.     At all times material hereto, Mrs. Evans was subjected to inappropriate and harassing comments and actions directed at Mrs. Evans because of her disability and medical condition including, but not limited to, the following:

> (a)     Management officials and employees (including Chartniski) making inappropriate comments about Mrs. Evans' use of a walker and her limited mobility;

> (b)     Agents, employees and supervisors (including Chartniski) of Mrs. Evans drawing undue attention to Mrs. Evans' age and use of mobility equipment;

27.     More specifically, Landmark executives, including Chartniski, repeatedly subjected Mrs. Evans to unwanted comments about her age, mobility, disability and physical condition on various occasions throughout 2017 and 2018, repeatedly making derogatory comments about her age, her appearance, her lack of mobility and her use of mobility assistive equipment.

28.     Throughout 2017 and 2018, Landmark Community Bank, its agents, officers and employees, treated Mrs. Evans adversely compared with younger

employees, male employees, and employees without a visible physical disability.

29.   During day-to-day operations and at frequent meetings, agents, employees and supervisors of Mrs. Evans, including Chartniski, made harassing and inappropriate comments directed at Mrs. Evans, calling her old and asking her when or if she would no longer require the use of a walker.

30.   Mrs. Evans felt threatened, harassed, and humiliated by the aforesaid actions of her supervisors and other employees of Landmark, which interfered with Mrs. Evans' ability to perform her job.

31.   Mrs. Evans reported the comments and other conduct to the President of Landmark, Thomas Amico.

32.   Defendants' actions and omissions subjected Mrs. Evans to a hostile work environment due to the severe and pervasive incidents of harassment and, thereafter, when Mrs. Evans complained of the harassment and hostility, Defendants retaliated against Mrs. Evans.

33.   Notwithstanding Mrs. Evans' complaints, Landmark failed to conduct an investigation and failed to take corrective action or disciplining agents, employees, supervisors and officials to ensure that such individuals would not engage in such harassing and offensive conduct in the future.

34.   As a result of Landmark failure to take remedial action in response to Mrs. Evans' complaint(s), Mrs. Evans' supervisors, and other agents of Landmark,

continued subjecting Mrs. Evans to offensive, harassing and discriminatory conduct.

35.    The actions and omissions of Landmark resulted in a hostile and unsafe working environment for Mrs. Evans at Mrs. Evans' workplace.

36.    Landmarks' agents' and employees' harassing and offensive behavior was repeatedly witnessed by Mrs. Evans' co-workers.

37.    Additionally, such harassing and offensive behavior was repeatedly witnessed by Mrs. Evans' peers and superiors, all of whom chose to ignore or actively participated in making comments and inappropriate behavior and Mrs. Evans' protestations to the offensive, discriminatory and harassing conduct and environment.

38.    Instead, Landmark, its employees, agents and representatives turned a "blind eye" to the situation and failed to engage in any remedial action.

39.    Subsequent to registering her complaints against her co-workers' and superiors' treatment of her, Mrs. Evans was subjected to retaliation as a result of her stated opposition to the unlawful harassment and age, disability and gender discrimination in Mrs. Evans' workplace.

40.    On or around December 19, 2018, Mrs. Evans was terminated from Landmark.

41.    It is believed and therefore averred that Mrs. Evans' termination was a

direct result of the inappropriate comments and the refusal of Landmark executives and agents to classify Mrs. Evans in the same category as younger, male, non-disabled employees holding the same position as Mrs. Evans.

42.     As a pretext for Defendants' retaliation against Mrs. Evans, Landmark terminated Mrs. Evans' employment with Landmark for alleged violations of Landmark policies.

43.     In addition, Landmark did not enforce its policies in a uniform manner and treated similarly situated employees who did not utilize mobility aids, such as the walker utilized by Mrs. Evans, more favorably, as well as those who were younger and male.

44.     As a direct and proximate result of Defendants' acts and omissions, Mrs. Evans has suffered embarrassment, humiliation, anxiety, emotional distress and other adverse employment actions, including loss of income.

45.     Furthermore, as a result of the aforesaid harassing and retaliatory conduct, Landmark created a hostile work environment designed to interfere with Mrs. Evans' employment and designed, in fact, to victimize Mrs. Evans because of her stated opposition to Defendants' illegal, offensive, harassing and discriminatory conduct.

## COUNT I -- MRS. EVANS v. LANDMARK
## TITLE VII- SEX/GENDER DISCRIMINATION

46.     Plaintiff incorporates the preceding paragraphs as if set forth at

length.

47.    As a female, Mrs. Evans is a member of a protected class.

48.    Mrs. Evans believes that she was discriminated against because of her gender.

49.    Landmark failed to provide Mrs. Evans with working conditions that were free from discrimination on the basis of her gender.

50.    Landmark has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. by discriminating against Mrs. Evans on the basis of her gender, and subjecting her to adverse employment actions.

51.    At all times material hereto, Mrs. Evans was highly qualified for the Assistant Vice President/Branch Manager position with Landmark.

52.    The termination of Mrs. Evans' employment by Landmark is an adverse employment action.

53.    The circumstances of the termination of Mrs. Evans' employment by Landmark gives rise to an inference of discrimination.

54.    The actions of Landmark were taken because of Mrs. Evans' gender.

55.    Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

56.    Mrs. Evans was treated unfavorably by Landmark because of her gender.

57.    Landmark, through its agents, employees and supervisors, treated Mrs.

Evans differently than similarly situated male employees, who were given more prestigious titles and higher pay than Mrs. Evans.

58.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

59.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

60.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans in the past and will in the future be required to incur other costs.

61.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her gender.

62.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

63.   Defendants' actions and omissions were intentional, willful and wanton, and were done with reckless disregard to Mrs. Evans' federally

protected rights and with reckless disregard as to cause harm to Mrs. Evans.

64.    Defendants' acts and omissions would detrimentally affect a reasonable person of the same gender as Mrs. Evans.

65.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT II -- MRS. EVANS v. LANDMARK
### TITLE VII – SEX DISCRIMINATION
### HOSTILE WORK ENVIRONMENT

66.    Plaintiff incorporates the preceding paragraphs as if set forth at length.

67.    Defendants' acts and omissions and the acts and omissions of Defendants' agents, officers and employees created a hostile environment which adversely and detrimentally affected Mrs. Evans and her ability to perform her duties.

68.    Defendants have violated Title VII of the Civil Rights Act of 1964,

42 U.S.C. §2000e, et seq., by creating a sexually hostile work environment.

69.   Such conduct constituted an unwritten policy of Landmark.

70.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

71.   Such conduct was severe.

72.   Defendants, by and through their agents, officers and employees, discriminated against Mrs. Evans with respect to the conditions and emoluments of her employment on the basis of sex in violation of 42 U.S.C. §§ 2000e et seq.

73.   Defendants' acts and omissions were pervasive and regular.

74.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

75.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

76.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

77.   As a direct and proximate result of Defendants' previously stated acts and

omissions, Mrs. Evans suffered intentional discrimination because of her gender.

78.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark and created an abusive working environment.

79.     Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Evans' federally protected rights and to harm Mrs. Evans.

80.     Defendants' acts and omissions would detrimentally affect a reasonable person of the same gender as Mrs. Evans.

81.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT III -- MRS. EVANS v. LANDMARK
### TITLE VII -- RETALIATION

82.    Plaintiff incorporates the preceding paragraphs as if set forth at length.

83.    Section 704(a) of Title VII states that is unlawful for an employer:

> to discriminate against any of his employees or applicants ... because [the employee or applicant] has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

84.    Mrs. Evans repeatedly complained about the offensive and harassing conduct of Landmark employees and Mrs. Evans' supervisors and informed Landmark that it created a hostile work environment.

85.    Landmark not only ignored the complaints, it also embarked upon an unwarranted effort to justify its conduct by fabricating reports of deficiencies in Mrs. Evans' performance and purported violations of policies.

86.    Defendants, by and through their agents, officers and employees have retaliated against Mrs. Evans for her complaints about the hostile environment and Defendants' harassing conduct in violation of 42 U.S.C. §§ 2000e, et. seq.

87.    Defendants' acts and omissions have subjected Mrs. Evans to unwanted harassment and a hostile working environment and retaliated against her for making complaints thereof.

88.     Mrs. Evans exercised her rights by complaining directly to her co-workers and supervisors about his inappropriate actions, described above, and to Landmark management.

89.     As a direct and proximate result of Mrs. Evans exercising the aforesaid rights, Defendants terminated her employment, published fraudulent statements, and interfered with her right to obtain unemployment compensation for the purpose of retaliating against her and intimidating her.

90.     Defendants took no action in response to Mrs. Evans' complaints and requests.

91.     Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., by retaliating against Mrs. Evans for complaining of discrimination and harassment based on her gender.

92.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

93.     As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

94.     As a direct and proximate result of Defendants' previously stated acts

and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

95.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination and retaliation because of her gender and the complaints she raised about the ongoing harassment.

96.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

97.    Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

98.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**COUNT IV -- MRS. EVANS v. LANDMARK**
**PHRA - SEX/GENDER DISCRIMINATION**

**(Section 5(a) of the Pennsylvania Human Relations Act)**

99.     Plaintiff incorporates the preceding paragraphs as if set forth at length.

100.   Section 5(a) of the PHRA prohibits harassing and discriminating against an individual based upon their sex.  See 43 P.S. §§951 - 963.

101.   Female employees like Mrs. Evans were routinely subject to different working conditions than those of male employees.

102.   Defendants have violated the PHRA, 43 P.S. §§951–963, by discriminating against Mrs. Evans on the basis of her gender, and subjecting her to adverse employment actions.

103.   Defendants' acts and omissions have aided and abetted Defendants' unlawful conduct.

104.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

105.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

106.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and

emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

107.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

108.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her gender.

109.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

110.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT V -- MRS. EVANS v. LANDMARK
### PHRA – AGE DISCRIMINATION/HOSTILE WORK ENVIRONMENT
### (Section 5(a) of the Pennsylvania Human Relations Act)

111.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

112.   Defendants have violated the PHRA, 43 P.S. §§951–963, by creating a hostile work environment.

113.   Such conduct constituted an unwritten policy of Landmark.

114.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

115.   Landmark created a work environment pervaded on a daily basis by intimidation and veiled threats, by sexual advances and unwanted comments concerning Mrs. Evans' body, physical appearance, and intimate relationships.

116.   Such conduct was severe.

117.   Defendants, by and through their agents, officers and employees, discriminated against Mrs. Evans with respect to the conditions and emoluments of her employment on the basis of sex.

118.   Defendants' acts and omissions were pervasive and regular.

119.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

120.   As a direct and proximate result of Defendants' previously stated acts and

omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

121.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

122.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her gender.

123.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark and created an abusive working environment.

124.   Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Evans' federally protected rights and to harm Mrs. Evans.

125.   Defendants' acts and omissions would detrimentally affect a reasonable person of the same gender as Mrs. Evans.

126.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and

any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**COUNT VI -- MRS. EVANS v. LANDMARK**
**PHRA, 43 P.S. § 951 et seq.**
**RETALIATION**
**(Section 5(d) of the Pennsylvania Human Relations Act)**

127. Plaintiff incorporates the preceding paragraphs as if set forth at length.

128. Section 5(d) of the PHRA prohibits discriminating and retaliating against an individual based upon complaints of discrimination based upon their sex. See 43 P.S. §§951-963.

129. Defendants' acts and omissions have subjected Mrs. Evans to sexual harassment and a hostile working environment and retaliated against her for making complaints thereof.

130. Mrs. Evans exercised her rights by complaining directly to her co-workers and supervisors about their inappropriate actions, described above, and to Landmark management.

131. As a direct and proximate result of Mrs. Evans exercising the aforesaid rights, Defendant terminated her employment, published fraudulent

statements, and interfered with her right to obtain unemployment compensation for the purpose of retaliating against her and intimidating her.

132.   Defendants took no action in response to Mrs. Evans' complaints and requests.

133.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

134.   Defendants have violated the PHRA, 43 P.S. §§951-963, by retaliating against Mrs. Evans for complaining about discrimination and harassment.

135.   Defendants' acts and omissions have aided and abetted Defendants in their retaliation against Mrs. Evans.

136.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

137.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

138.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur

other costs.

139.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her gender.

140.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

141.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT VII -- MRS. EVANS v. LANDMARK
### TITLE VII- AGE DISCRIMINATION

142.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

143.   As a person aged sixty or over, Mrs. Evans is a member of a protected class.

144.    Mrs. Evans believes that she was discriminated against because of her age.

145.    Landmark failed to provide Mrs. Evans with working conditions that were free from discrimination on the basis of her age.

146.    Landmark has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. by discriminating against Mrs. Evans on the basis of her age, and subjecting her to adverse employment actions.

147.    At all times material hereto, Mrs. Evans was highly qualified for the Assistant Vice President/Branch Manager position with Landmark.

148.    The termination of Mrs. Evans' employment by Landmark is an adverse employment action.

149.    The circumstances of the termination of Mrs. Evans' employment by Landmark gives rise to an inference of discrimination.

150.    The actions of Landmark were taken because of Mrs. Evans' age.

151.    Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

152.    Mrs. Evans was treated unfavorably by Landmark because of her age.

153.    Landmark, through its agents, employees and supervisors, treated Mrs. Evans differently than similarly situated male employees, who were given more prestigious titles and higher pay than Mrs. Evans.

154.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

155.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

156.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans in the past and will in the future be required to incur other costs.

157.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her age.

158.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

159.   Defendants' actions and omissions were intentional, willful and wanton, and were done with reckless disregard to Mrs. Evans' federally protected rights and with reckless disregard as to cause harm to Mrs. Evans.

160.   Defendants' acts and omissions would detrimentally affect a

reasonable person of the same age as Mrs. Evans.

161.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT VIII -- MRS. EVANS v. LANDMARK
### TITLE VII – AGE DISCRIMINATION
### HOSTILE WORK ENVIRONMENT

162.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

163.   Defendants' acts and omissions and the acts and omissions of Defendants' agents, officers and employees created a hostile environment which adversely and detrimentally affected Mrs. Evans and her ability to perform her duties.

164.   Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., by creating a hostile work environment.

165.   Such conduct constituted an unwritten policy of Landmark.

166.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

167.   Such conduct was severe.

168.   Defendants, by and through their agents, officers and employees, discriminated against Mrs. Evans with respect to the conditions and emoluments of her employment on the basis of age in violation of 42 U.S.C. §§ 2000e et seq.

169.   Defendants' acts and omissions were pervasive and regular.

170.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

171.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

172.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

173.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her age.

174.   As a direct and proximate result of Defendants' previously stated acts and

omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark and created an abusive working environment.

175. Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Evans' federally protected rights and to harm Mrs. Evans.

176. Defendants' acts and omissions would detrimentally affect a reasonable person of the same age as Mrs. Evans.

177. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT IX -- MRS. EVANS v. LANDMARK
## TITLE VII -- RETALIATION

178. Plaintiff incorporates the preceding paragraphs as if set forth at length.

179. Section 704(a) of Title VII states that is unlawful for an employer:

> to discriminate against any of his employees or applicants ... because [the employee or applicant] has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

180. Mrs. Evans repeatedly complained about the offensive and harassing conduct of her supervisors, agents and employees of Landmark and informed Landmark that it created a hostile work environment.

181. Landmark not only ignored the complaints, it also embarked upon an unwarranted effort to justify its conduct by fabricating reports of deficiencies in Mrs. Evans' performance and purported violations of policies.

182. Defendants, by and through their agents, officers and employees have retaliated against Mrs. Evans for her complaints about the hostile environment and Defendants' harassing conduct in violation of 42 U.S.C. §§ 2000e, et. seq.

183. Defendants' acts and omissions have subjected Mrs. Evans to harassment and a hostile working environment and retaliated against her for making complaints thereof.

184. Mrs. Evans exercised her rights by complaining directly to her supervisors about inappropriate actions, described above, and to Landmark management.

185.   As a direct and proximate result of Mrs. Evans exercising the aforesaid rights, Defendants terminated her employment, published fraudulent statements, and interfered with her right to obtain unemployment compensation for the purpose of retaliating against her and intimidating her.

186.   Defendants took no action in response to Mrs. Evans' complaints and requests.

187.   Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., by retaliating against Mrs. Evans for complaining of discrimination and harassment.

188.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

189.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

190.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

191.   As a direct and proximate result of Defendants' previously stated acts and

omissions, Mrs. Evans suffered intentional discrimination and retaliation because of her age and the complaints she raised about the ongoing harassment.

192.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

193.    Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

194.    As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT X -- MRS. EVANS v. LANDMARK
### PHRA - AGE DISCRIMINATION
### (Section 5(a) of the Pennsylvania Human Relations Act)

195.    Plaintiff incorporates the preceding paragraphs as if set forth at length.

196.   Section 5(a) of the PHRA prohibits harassing and discriminating against an individual based upon their age.  See 43 P.S. §§951 - 963.

197.   Female employees like Mrs. Evans were routinely subject to different working conditions than those of male employees.

198.   Defendants have violated the PHRA, 43 P.S. §§951–963, by discriminating against Mrs. Evans on the basis of her age, and subjecting her to adverse employment actions.

199.   Defendants' acts and omissions have aided and abetted Defendants' unlawful conduct.

200.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

201.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

202.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

203.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur

other costs.

204.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her age.

205.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

206.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT XI -- MRS. EVANS v. LANDMARK
## PHRA – AGE DISCRIMINATION/HOSTILE WORK ENVIRONMENT
### (Section 5(a) of the Pennsylvania Human Relations Act)

207.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

208.   Defendants have violated the PHRA, 43 P.S. §§951–963, by creating

a hostile work environment.

209.   Such conduct constituted an unwritten policy of Landmark.

210.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

211.   Landmark created a work environment pervaded on a daily basis by intimidation and veiled threats, by unwanted comments concerning Mrs. Evans' age, physical ability and her use of a walker as a mobility aid.

212.   Such conduct was severe.

213.   Defendants, by and through their agents, officers and employees, discriminated against Mrs. Evans with respect to the conditions and emoluments of her employment on the basis of age.

214.   Defendants' acts and omissions were pervasive and regular.

215.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

216.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

217.   As a direct and proximate result of Defendants' previously stated acts

and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

218. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her age.

219. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark and created an abusive working environment.

220. Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Evans' federally protected rights and to harm Mrs. Evans.

221. Defendants' acts and omissions would detrimentally affect a reasonable person of the same age as Mrs. Evans.

222. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages

and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT XII -- MRS. EVANS v. LANDMARK
### PHRA, 43 P.S. § 951 et seq.
### RETALIATION
### (Section 5(d) of the Pennsylvania Human Relations Act)

223.  Plaintiff incorporates the preceding paragraphs as if set forth at length.

224. Section 5(d) of the PHRA prohibits discriminating and retaliating against an individual based upon complaints of discrimination based upon their age.  See 43 P.S. §§951-963.

225. Defendants' acts and omissions have subjected Mrs. Evans to harassment and a hostile working environment and retaliated against her for making complaints thereof.

226. Mrs. Evans exercised her rights by complaining directly to her supervisors about their inappropriate actions, described above, and to Landmark management.

227. As a direct and proximate result of Mrs. Evans exercising the aforesaid rights, Defendant terminated her employment, published fraudulent statements, and interfered with her right to obtain unemployment compensation for the purpose of retaliating against her and intimidating her.

228.  Defendants took no action in response to Mrs. Evans' complaints and

requests.

229.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

230.   Defendants have violated the PHRA, 43 P.S. §§951-963, by retaliating against Mrs. Evans for complaining about discrimination and harassment.

231.   Defendants' acts and omissions have aided and abetted Defendants in their retaliation against Mrs. Evans.

232.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

233.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

234.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

235.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her age.

37

236.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

237.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT XIII -- MRS. EVANS v. LANDMARK
### TITLE VII- DISABILITY DISCRIMINATION

238.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

239.   As a female, Mrs. Evans is a member of a protected class.

240.   Mrs. Evans believes that she was discriminated against because of her disability.

241.   Landmark failed to provide Mrs. Evans with working conditions that were free from discrimination on the basis of her disability.

242.   Landmark has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. by discriminating against Mrs. Evans on the basis of her disability, and subjecting her to adverse employment actions.

243.   At all times material hereto, Mrs. Evans was highly qualified for the Assistant Vice President/Branch Manager position with Landmark.

244.   The termination of Mrs. Evans' employment by Landmark is an adverse employment action.

245.   The circumstances of the termination of Mrs. Evans' employment by Landmark gives rise to an inference of discrimination.

246.   The actions of Landmark were taken because of Mrs. Evans' disability.

247.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

248.   Mrs. Evans was treated unfavorably by Landmark because of her disability.

249.   Landmark, through its agents, employees and supervisors, treated Mrs. Evans differently than similarly situated male employees, who were given more prestigious titles and higher pay than Mrs. Evans.

250.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment

status, employment benefits and other emoluments of employment.

251.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

252.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans in the past and will in the future be required to incur other costs.

253.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her disability.

254.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

255.   Defendants' actions and omissions were intentional, willful and wanton, and were done with reckless disregard to Mrs. Evans' federally protected rights and with reckless disregard as to cause harm to Mrs. Evans.

256.   Defendants' acts and omissions would detrimentally affect a reasonable person of the same disability as Mrs. Evans.

257.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and

benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT XIV -- MRS. EVANS v. LANDMARK
### TITLE VII – DISABILITY DISCRIMINATION
### HOSTILE WORK ENVIRONMENT

258.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

259.   Defendants' acts and omissions and the acts and omissions of Defendants' agents, officers and employees created a hostile environment which adversely and detrimentally affected Mrs. Evans and her ability to perform her duties.

260.   Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., by creating a hostile work environment.

261.   Such conduct constituted an unwritten policy of Landmark.

262.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

263.   Such conduct was severe.

264. Defendants, by and through their agents, officers and employees, discriminated against Mrs. Evans with respect to the conditions and emoluments of her employment on the basis of disability in violation of 42 U.S.C. §§ 2000e et seq.

265. Defendants' acts and omissions were pervasive and regular.

266. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

267. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

268. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

269. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her disability.

270. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of

42

Mrs. Evans' employment with Landmark and created an abusive working environment.

271.  Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Evans' federally protected rights and to harm Mrs. Evans.

272.  Defendants' acts and omissions would detrimentally affect a reasonable person of the same disability as Mrs. Evans.

273.  As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**COUNT XV -- MRS. EVANS v. LANDMARK**
**TITLE VII -- RETALIATION**

274.  Plaintiff incorporates the preceding paragraphs as if set forth at length.

275.  Section 704(a) of Title VII states that is unlawful for an employer:

to discriminate against any of his employees or applicants ...
because [the employee or applicant] has opposed any practice
made an unlawful employment practice by [Title VII], or because he
has made a charge, testified, assisted, or participated in any manner in
an investigation, proceeding, or hearing under [Title VII].

276.   Mrs. Evans repeatedly complained about the offensive and harassing
conduct of her co-workers and supervisors and informed Landmark that it
created a hostile work environment.

277.   Landmark not only ignored the complaints, it also embarked upon
an unwarranted effort to justify its conduct by fabricating reports of deficiencies
in Mrs. Evans' performance and purported violations of policies.

278.   Defendants, by and through their agents, officers and employees have
retaliated against Mrs. Evans for her complaints about the hostile environment
and Defendants' harassing conduct in violation of 42 U.S.C. §§ 2000e, et. seq.

279.   Defendants' acts and omissions have subjected Mrs. Evans to
harassment and a hostile working environment and retaliated against her for
making complaints thereof.

280.   Mrs. Evans exercised her rights by complaining directly to her co-
workers and supervisors about their inappropriate actions, described above, and to
Landmark management.

281.   As a direct and proximate result of Mrs. Evans exercising the
aforesaid rights, Defendants terminated her employment, published fraudulent

44

statements, and interfered with her right to obtain unemployment compensation for the purpose of retaliating against her and intimidating her.

282. Defendants took no action in response to Mrs. Evans' complaints and requests.

283. Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., by retaliating against Mrs. Evans for complaining of discrimination and harassment.

284. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

285. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

286. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

287. As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination and retaliation because of her disability and the complaints she raised about the ongoing harassment.

288.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

289.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

290.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, punitive damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## COUNT XVI -- MRS. EVANS v. LANDMARK
## PHRA - DISABILITY DISCRIMINATION
### (Section 5(a) of the Pennsylvania Human Relations Act)

291.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

292.   Section 5(a) of the PHRA prohibits harassing and discriminating against an individual based upon their disability.  See 43 P.S. §§951 - 963.

293.   Female employees like Mrs. Evans were routinely subject to different working conditions than those of employees who do not suffer from disability or related physical conditions.

294.   Defendants have violated the PHRA, 43 P.S. §§951–963, by discriminating against Mrs. Evans on the basis of her disability, and subjecting her to adverse employment actions.

295.   Defendants' acts and omissions have aided and abetted Defendants' unlawful conduct.

296.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

297.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

298.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

299.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

300.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her disability.

301.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

302.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT XVII -- MRS. EVANS v. LANDMARK
### PHRA – DISABILITY DISCRIMINATION/HOSTILE WORK ENVIRONMENT
### (Section 5(a) of the Pennsylvania Human Relations Act)

303.   Plaintiff incorporates the preceding paragraphs as if set forth at length.

304.   Defendants have violated the PHRA, 43 P.S. §§951–963, by creating a hostile work environment.

305.   Such conduct constituted an unwritten policy of Landmark.

306.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

307.   Landmark created a work environment pervaded on a daily basis by intimidation and veiled threats, by adverse actions and unwanted comments concerning Mrs. Evans' body, physical appearance, and use of a walker as a mobility aid.

308.   Such conduct was severe.

309.   Defendants, by and through their agents, officers and employees, discriminated against Mrs. Evans with respect to the conditions and emoluments of her employment on the basis of disability.

310.   Defendants' acts and omissions were pervasive and regular.

311.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

312.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

313.   As a direct and proximate result of Defendants' previously stated acts

and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

314.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her disability.

315.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark and created an abusive working environment.

316.   Defendants' actions and omissions were intentional, willful and wanton, and/or done with reckless disregard to Mrs. Evans' federally protected rights and to harm Mrs. Evans.

317.   Defendants' acts and omissions would detrimentally affect a reasonable person of the same disability as Mrs. Evans.

318.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages

and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

### COUNT XVIII -- MRS. EVANS v. LANDMARK
### PHRA, 43 P.S. § 951 et seq.
### <u>RETALIATION</u>
### (Section 5(d) of the Pennsylvania Human Relations Act)

319.  Plaintiff incorporates the preceding paragraphs as if set forth at length.

320.  Section 5(d) of the PHRA prohibits discriminating and retaliating against an individual based upon complaints of discrimination based upon their disability.  <u>See</u> 43 P.S. §§951-963.

321.  Defendants' acts and omissions have subjected Mrs. Evans to harassment and a hostile working environment and retaliated against her for making complaints thereof.

322.  Mrs. Evans exercised her rights by complaining directly to her co-workers and supervisors about their inappropriate actions, described above, and to Landmark management.

323.  As a direct and proximate result of Mrs. Evans exercising the aforesaid rights, Defendant terminated her employment, published fraudulent statements, and interfered with her right to obtain unemployment compensation for the purpose of retaliating against her and intimidating her.

324.  Defendants took no action in response to Mrs. Evans' complaints and

requests.

325.   Members of Landmark upper management had actual participation in, or willful indifference to, the wrongful conduct described herein.

326.   Defendants have violated the PHRA, 43 P.S. §§951-963, by retaliating against Mrs. Evans for complaining about disability discrimination and harassment.

327.   Defendants' acts and omissions have aided and abetted Defendants in their retaliation against Mrs. Evans.

328.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer adverse employment effects, loss of income, loss of future earning capacity, employment status, employment benefits and other emoluments of employment.

329.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future suffer severe mental and emotional pain and suffering, anguish, distress, embarrassment, and humiliation.

330.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans has in the past and will in the future be required to incur other costs.

331.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans suffered intentional discrimination because of her disability.

332.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans' workplace was permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of Mrs. Evans' employment with Landmark.

333.   As a direct and proximate result of Defendants' previously stated acts and omissions, Mrs. Evans is entitled to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants including, but not limited to compensation for any and all lost wages and benefits, compensatory damages, reasonable attorney's fees, costs, interest and any other remedies allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     Enter a declaratory judgment that Defendant's conduct was illegal under federal law and state law;

(b)     Award Plaintiff compensatory damages including, *inter alia*, monetary compensation for Plaintiff's lost wages, lost benefits, and emotional pain and suffering;

(c)     Award Plaintiff's punitive damages against Landmark on her Title VII claims;

(d)     Award Plaintiff's all litigation costs, expenses, and attorney's fees recoverable under federal and state law; and

(e)    Award such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

For all issues so triable, Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Sean W. Logsdon
Sean W. Logsdon
Donald G. Karpowich
Donald G. Karpowich,
Attorney-at-Law, P.C.
85 Drasher Road
Drums, Pa. 18222
(570) 788-6647

Counsel for Plaintiff Nicoline Evans

DATED: February 9, 2021